**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **CREDIT DONE RIGHT, INC.,** § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | C. A. NO. 5:23-cv-1556-JKP-RBF |
| **AMERICAN PACIFIC MORTGAGE** § | |
| **CORPORATION d/b/a ALIGNED** § | |
| **MORTGAGE,** § | |
| Defendant. § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   Plaintiff has brought the following claims against Defendant: (i) Breach of Contract – Plaintiff claims the parties entered into a contract whereby Plaintiff provided consulting services to Defendant in exchange for payment and Defendant breached the contract by failing to pay Plaintiff at the rate promised to Plaintiff; and (ii) Quantum Meruit – Should the Court find that the parties did not enter into a contract, Plaintiff claims that it furnished consulting services to Defendant, that Defendant utilized these services in their ordinary course of business, and Defendant was thereby enriched at Plaintiff's expense.

   Defendant has generally denied these claims and asserted various affirmative defenses including but not limited to prior material breach, failure to mitigate, estoppel, and waiver.

   The affirmative defense of prior material breach allows Defendant to avoid future performance on a contract when Plaintiff's own prior actions constituted a material breach. The affirmative defense of failure to mitigate prevents Plaintiff from recovering certain damages resulting from the alleged breach of contract that could have been avoided had Plaintiff taken reasonable efforts to do so. The affirmative defense of estoppel applies when a party accepts a benefit voluntarily and with knowledge of all material facts. The elements of the affirmative defense of waiver requires Defendant to prove (1) an existing right, benefit, or advantage held by the Plaintiff; (2) the Plaintiff's actual knowledge of its existence; and (3) intentional conduct inconsistent with that right.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

    **a.**    **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the amount in controversy.**

    The Parties agree that the amount in controversy exceeds $75,000.00.

    **b.**    **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

    The Parties are both corporations. Plaintiff is a Texas corporation with its principal place of business being in Texas. Defendant is a California Corporation with its principal place of business in California.

**3.**    **Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

**4.**    **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The Parties will discuss stipulations upon the conclusion of discovery.

**5.**    **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The Parties cannot identify at this time any legal issues that can be narrowed by agreement.

**6.**    **Are there any issues about preservation of discoverable information?**

The Parties cannot identify at this time any issues about the preservation of discoverable information.

**7.**    **Are there any issues about disclosure or discovery of electronically stored information?  In what forms should electronically-stored information be produced and will production include metadata?**

There are no issues about disclosure of discovery of electronically stored information.

**8.**    **What are the subjects on which discovery may be needed?**

Discovery may be needed on each Parties' respective performance under the contract at issue and Plaintiff's claimed damages.

**9.** **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Initial disclosures have not been made, and the parties presently anticipate making initial disclosures on or before May 17, 2024. The parties do not presently anticipate any further changes in the time, form, or requirement for initial disclosures.

**10.** **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed at this time.

**11.** **What, if any, discovery disputes exist?**

None at this time.

**12.** **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties agree that there is presently no need for a proposed order pursuant to Federal Rule of Evidence 502.

**13.** **Have the parties discussed early mediation?**

The Parties have not discussed early mediation.

**14.** **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The Parties have not considered seeking entry of a confidentiality and protective order at this time.

/s/ Kevin S. Wiley, Jr.                                             April 22, 2024

Kevin S. Wiley, Jr.
Counsel for Plaintiff                                                Date

/s/ Kenneth H. Holt                                                  April 22, 2024

Kenneth H. Holt
Counsel for Defendant                                                Date

-4-

| | |
|---|---|
| /s/ Charles "Danny" Brooks | April 22, 2024 |
| Charles "Danny" Brooks<br>Counsel for Defendant | Date |