IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CREDIT DONE RIGHT, INC.,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | C. A. NO. 5:23-cv-1556-JKP-RBF |
| **AMERICAN PACIFIC MORTGAGE** § | |
| **CORPORATION d/b/a ALIGNED** § | |
| **MORTGAGE,** § | |
| *Defendant.* § | |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

American Pacific Mortgage Corporation d/b/a Aligned Mortgage, Defendant herein, files this its Amended Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1. The allegations in paragraph 1 of the Petition are no longer applicable, so no response is required.

### PARTIES

2. With respect to the allegations in paragraph 2, Defendant admits that Plaintiff is a Texas corporation but lacks knowledge as to whether Plaintiff is registered to do business in Texas or is currently doing business in Texas and therefore those allegations are denied.

3. With respect to the allegations in paragraph 3, the meaning of "mortgage assistance" is unclear, and that allegation is therefore denied. Defendant admits the remainder of the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 of the Petition are admitted.

5. Defendant admits that Plaintiff is seeking relief of less than $250,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees. However, Defendant denies that Plaintiff is entitled to any damages or other recovery.

6. Defendant admits that the Court has personal jurisdiction over Defendant.

7. The allegations in paragraph 7 of the Petition are no longer applicable, so no response is required.

## CONDITIONS PRECEDENT

8. With respect to the allegations in paragraph 8 of the Petition, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 8, specifically as to whether or not Plaintiff has performed all conditions precedent to its recovery. Therefore, the allegations are denied.

## FACTS

9. The allegations in paragraph 9 of the Petition are denied.

10. The allegations in paragraph 10 of the Petition are denied.

11. The allegations in paragraph 11 of the Petition are denied.

## CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

12. Defendant reasserts all previous responses to the allegations incorporated into paragraph 12 of the Petition.

13. The allegations in paragraph 13 of the Petition are denied.

14. The allegations in paragraph 14 of the Petition are denied, and Defendant specifically denies that Plaintiff has been damaged in any amount.

## COUNT TWO: QUANTUM MERUIT

15. Defendant reasserts all previous responses to the allegations incorporated into paragraph 15 of the Petition.

16. Defendants denies all allegations contained in paragraph 16 of the Petition.

17. Defendant denies that Plaintiff has been damaged.

## ATTORNEYS' FEES

18. Defendant reasserts all previous responses to the allegations incorporated into paragraph 18 of the Petition.

19. Defendant denies the allegations contained in paragraph 19 and further denies that Plaintiff is entitled to its attorneys' fees.

## CONCLUSION

20. Defendant denies the allegations contained in Plaintiff's conclusion and further denies that Plaintiff is entitled to the relief stated in the same.

## AFFIRMATIVE DEFENSES

By way of further defense or avoidance, Defendant pleads the following affirmative defenses.

1. Plaintiff's claims are barred in whole or in part due to the lack of authority of Defendant's former employee to sign the Agreement on behalf of Defendant.

2. Plaintiff's claims are barred in whole or in part due to an ambiguity as to certain material terms of the contract.

3. Plaintiff's claims are barred in whole or in part due to the indefiniteness of the length of term of the contract.

4. Plaintiff's claims are barred in whole or in part due to a lack of one or more material terms of the contract.

5. Plaintiff's claims are barred in whole or in part by Plaintiff's prior, material breaches of the contract.

6. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages.

7. Plaintiff's claims are barred in whole or in part by Defendant's prior payment of amounts claimed.

8. Plaintiff's claims are barred in whole or in part by Defendant's right to an offset.

9. Plaintiff's claims are barred in whole or in part because Plaintiff is estopped from asserting some or all of its claims.

10. Plaintiff's claims are barred in whole or in part because some or all of the amounts sought by Plaintiff are unlawful penalties.

11. Plaintiff's claims are barred in whole or in part by Plaintiff's waiver of its right to pursue its claims.

12. Plaintiff's claims are barred in whole or in part under the equitable doctrine of laches.

13. With respect Plaintiff's quantum meruit claim only, Defendant pleads the existence of the contract.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant American Pacific Mortgage Corporation d/b/a Aligned Mortgage respectfully prays that this Court deny Plaintiff's causes of action against Defendant, dismiss this case in its entirety, and grant Defendant any and all further relief to which it may be justly entitled.

Respectfully submitted,

**FERGUSON BRASWELL FRASER KUBASTA PC**

*/s/ Kenneth H. Holt*
Kenneth H. Holt
Texas Bar No. 00793012
Charles "Danny" Brooks
Texas Bar No. 24126064
3200 Southwest Freeway, Suite 3200
Houston, Texas 77027
Telephone: 713-403-4200
Facsimile: 713-403-4201
Email: kholt@fbfk.law
dbrooks@fbfk.law

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, a true and correct copy of the foregoing document was electronically served on the following parties/counsel of record pursuant to the Federal Rules of Civil Procedure:

Kevin S. Wiley, Jr.
kevinwiley@lkswjr.com
THE WILEY LAW GROUP PLLC
325 N. St. Paul St., Suite 4400
Dallas, Texas 75201
*Attorney for Plaintiff*

/s/ Kenneth H. Holt
Kenneth H. Holt